UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACQUELINE BUCKHOLZ,

                Plaintiff,

     v.

KELSO HOUSING AUTHORITY,

                Defendant.

Case No. 3:25-cv-05170-TLF

ORDER ON THE PARTIES' JOINT
MOTION TO AMEND JUDGMENT

The matter before the Court is the parties' Joint Motion to Amend Judgment. Dkt. 47. The parties cite the Court "declin[ing] to sign and enter the Consent Decree negotiated by the parties." Dkt. 47 at 1 (citing Dkts. 45-46). The parties now "request that the court amend its judgment by entering the consent decree . . ." Dkt. 47 at 1-2 (citing Fed. R. Civ. P. 59(e)).

The parties consent to the jurisdiction of a Magistrate Judge (Dkt. 8) and the parties presented argument on this joint motion on June 26, 2026. Dkt. 49.

For the reasons below, the Court **GRANTS** the motion **IN PART**. The Court declines to enter the consent decree as currently proposed (Dkt. 44-1 at 1-4). However, the Court rescinds its dismissal (Dkts. 45-46) to permit the parties to address the Court's concerns as discussed at the hearing and the Order below, and present a new proposed Consent Decree.

ORDER ON THE PARTIES' JOINT MOTION TO
AMEND JUDGMENT - 1

## I.   BACKGROUND

In February 2025, plaintiff Jacqueline Buckholz filed a complaint against defendant Kelso Housing Authority ("KHA"). Dkt. 1. Ms. Buckholz alleged KHA improperly "terminated [her] voucher for allegedly failing to comply with a request to inspect the unit for Housing Quality Standards." Dkt. 1 at 1. Following the termination, Ms. Buckholz's attorney sent a letter to KHA which, in pertinent part, requested an accommodation "'by granting an informal hearing to get [her] voucher back, or in the alternative, extending her tenancy until she is able to secure new housing . . .'" Dkt. 1 at 5.

The complaint presented two primary claims. First, she asserted a housing discrimination claim, alleging KHA unlawfully failed to accommodate her disability under the Washington Law Against Discrimination ("WLAD"), the federal Fair Housing Act ("FHA"), and Section 504 of the Rehabilitation Act of 1973. Dkt. 1 at 6. Second, she asserted a due process claim under the Fourteenth Amendment, alleging KHA's informal hearing process was inadequate. Dkt. 1 at 7. She requested both injunctive and monetary relief. Dkt. 1 at 8.

In April 2026, the parties reached a settlement, in which the parties jointly proposed a Consent Decree, with the following relevant provisions. Dkt. 44-1 at 1-4. The proposed Decree enjoined KHA from ignoring a reasonable accommodation request, refusing to grant a reasonable accommodation on the basis it previously accommodated that person, and from refusing to grant an accommodation that would require a waiver or modification of KHA policy. Dkt. 44-1 at 2. The terms of the proposed Decree "shall be enforceable by any applicant, recipient, or tenant of the

ORDER ON THE PARTIES' JOINT MOTION TO
AMEND JUDGMENT - 2

Housing Authority" who are "intended third party beneficiar[ies] of this Decree." Dkt. 44-1 at 2-3. A party seeking to enforce the proposed Decree could do so through a motion for contempt. Dkt. 44-1 at 3. The proposed Decree would last for at least five years, unless modified or terminated by the Court for good cause shown. Dkt. 44-1 at 4.

The Court declined to enter the proposed Consent Decree when dismissing the case and entering judgment. Dkts. 45-46. The parties now jointly move to amend the Court's judgment. Dkt. 47.

## II.    DISCUSSION

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.'" *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)); *see also Brown v. Neeb*, 664 F.2d 551, 557 (6th Cir. 1981) (noting consent decrees are a "hybrid" between contracts and injunctions). And, unlike a stipulated motion to dismiss, a consent decree is a final judgment on the merits. *Lily & Co. v. Alderwood Surgical Ctr. LLC*, No. 2:24-cv-00878-LK, 2026 WL 1584704, at *5 (W.D. Wash. Jun. 3, 2026).

Before approving a consent decree, the Court must ensure it "is fair, reasonable and equitable" under various non-exclusive factors,[1] "and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990); *see also Sys. Fed'n No. 91, Ry. Employees' Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 651 (1961) ("The parties cannot, by giving each other consideration, purchase

---

[1] "[T]he district court must balance several factors, including but not limited to: strength of the plaintiffs' case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel; governmental participation; and reaction of the class members." *Davis v. City & County of San Francisco*, 890 F.2d 1438, 1445 (9th Cir. 1989).

ORDER ON THE PARTIES' JOINT MOTION TO
AMEND JUDGMENT - 3

from a court of equity a continuing injunction."). A consent decree is presumptively reasonable when a government agency negotiated and submitted the proposal. *See S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984).

Here, and as discussed at the hearing, the Court's greatest concern is the proposed Decree's expansion of the scope of the claims raised in the complaint. Allegations in the complaint focused on acts and omissions of the defendant relating to plaintiff's own situation (Dkt. 1), but the proposed Decree expressly encompasses "any applicant, recipient, or tenant of the Housing Authority" Dkt. 44-1 at 2-3.

Intended third-party beneficiaries may enforce consent decrees. *U.S. v. FMC Corp.*, 531 F.3d 813, 820 (9th Cir. 2008). The scope of the decree must still "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction" and "'com[e] within the general scope of the case made by the pleadings' . . . and must further the objectives of the law upon which the complaint was based." *Local No. 93, Intern. Ass'n of Firefighters*, 478 U.S. 501, 525 (1986) (quoting *Pacific R.R.. v. Ketchum*, 101 U.S. 289, 297 (1880)).

Consent decrees must be "limited to reasonable and necessary implementations of federal law," *Horne v. Flores*, 557 U.S. 443, 450 (2009) (citation and quotation marks omitted), and, like any equitable relief, be "no more burdensome . . . than necessary." *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753, 765 (1994) (citation and quotation marks omitted); *see also Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 341 (7th Cir. 1987) ("Every hour consumed administering a consent decree is an hour taken from other litigants, who must wait in a longer queue."). "In other words, proper decrees follow the 'settled rule that in federal equity cases the nature of the violation

ORDER ON THE PARTIES' JOINT MOTION TO
AMEND JUDGMENT - 4

determines the scope of the remedy.'" *Lilly & Co.*, 2026 WL 1584704, at *5 (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)).

To illustrate, this Court recently declined to enter a proposed consent decree that was "overbroad relative to [the plaintiff's] claims." *Id.* at *6. The plaintiff's original complaint alleged "Defendants improperly used its Mounjaro and Zepbound trademarks to promote the sale of compounded tirzepatide to patients" in violation of the Lanham act and Washington's Consumer Protection Act. *Id.* at *1. This Court found the proposed decree was "overbroad" as it covered, for example, "'any activity that is likely to . . . otherwise infringe any rights of [plaintiff's] Marks or any similar mark." *Id.* at *6 (quotation marks and emphasis omitted). This included defendants "suggesting they are associated or connected in any way with [plaintiff] or its products" or "[e]ngaging in any unfair competition" with plaintiff. *Id.* (quotation marks and emphasis omitted). Stated otherwise, plaintiff's "complaint provided an inch, the proposed decree takes a mile." *Id.*

Here, the parties have not sufficiently explained why a broadened consent decree is necessary, as opposed to a stipulated dismissal, to resolve the claims and alleged violations asserted in plaintiff's complaint. *See*, *id.* at *2, *7, *9 (quoting *Evans v. City of Chicago*, 10 F.3d 474, 477 (7th Cir. 1993)) ("because a consent decree 'is no ordinary contract,' requiring 'continuing supervision by the district court,' '[j]udges need a good reason, one in addition to the parties' say so, before diverting attention from other business in this fashion.'").

### III.   CONCLUSION

For the reasons above, the Court **GRANTS** the joint motion to amend judgment **IN PART**. Dkt. 47. As discussed at the hearing on June 26, 2026, the Court rescinds its

ORDER ON THE PARTIES' JOINT MOTION TO
AMEND JUDGMENT - 5

prior dismissal (Dkts. 45-46) to permit the parties to meet and confer, and present a revised and more narrowly drawn proposed Consent Decree. Dkt. 44-1 at 9.

The parties shall file a proposed consent decree, or in the alternative a joint status report, on or before **July 29, 2026**.

Dated this 29th day of June, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER ON THE PARTIES' JOINT MOTION TO
AMEND JUDGMENT - 6